Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York, 10022
(212) 583-9500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROULY CHARALABIDIS,
on behalf of himself and all others
similarly situated,

                     08 Civ. 6973 (RMB) (JCF)

               Plaintiff,       **COMPLAINT**

   -against-                **COLLECTIVE ACTION**

MILOS, INC., d/b/a ESTIATORIO MILOS     **ECF CASE**
NEW YORK, and COSTAS SPILIADIS,

               Defendants.
------------------------------------------------------------X

Plaintiff Rouly Charalabidis ("plaintiff"), by his attorneys, Berke-Weiss & Pechman LLP, complaining of defendants Milos, Inc., d/b/a Estiatorio Milos New York ("Milos"), and Costas Spiliadis ("Spiliadis") (collectively referred to herein as "defendants"), allege:

**NATURE OF THE ACTION**

1. This action is brought to recover unpaid minimum wages, unlawfully expropriated tips, unpaid overtime, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL"), on behalf of employees who worked for defendants at the Milos restaurant in New York City.

2. Milos is an upscale Greek restaurant with establishments in New York, Montreal, and Athens. Its stated goal is "to present Greek cuisine at its best" and to help "Greece and the Greek diet take the place it deserves on the international scale." Spiliadis and Milos achieved this goal when Milos New York made the Zagat list of the fifty best restaurants in New York. In this top establishment, where a traditional fish soup runs $120 and the grilled shrimp appetizer runs $50 per pound, the defendants cheated their waitstaff out of their hard-earned tips by using these monies to compensate non-tipped employees. Essentially, the waiters bear the burden of a good portion of the restaurant's overhead, leaving Spiliadis and Milos to retain a larger portion of the restaurant's profits. This scheme has deprived the waitstaff at Milos of millions of dollars in tips and lost wages.

3. For at least six years prior to the filing of this Complaint – the statute of limitations under the New York State Labor Law – continuing to the present, defendants have failed to compensate their waiters at the federal and state minimum wage, unlawfully expropriated part of plaintiff's tips, and failed to pay their waiters statutorily prescribed overtime wages.

4. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiff, unpaid tips, unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

5.   This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

6.   Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the location of the restaurant where plaintiff worked is the Southern District of New York.

## THE PARTIES

**Plaintiff**

7.   Rouly Charalabidis resides at 75-15 Ditmars Boulevard, East Elmhurst, New York, 11370. He was employed as a Captain at Milos from 2003 to in or about April 2008.

8.   Plaintiff was defendants' employee within the meaning of the Fair Labor Standards Act and the New York Labor Law, and has worked for defendants' New York restaurant as an employee subject to the tip credit provisions of the NYLL and the FLSA.

**Defendants**

9.   Defendant Milos, Inc. is a New York corporation which owns and operates Estiatorio Milos, a restaurant located at 125 West 55th Street, New York, New York, 10019.

10.   Defendant Costas Spiliadis is the owner of Milos, and at all times material herein established and had authority regarding the pay practices at Milos.

## COLLECTIVE ACTION ALLEGATIONS

11. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (*i.e.* captains, waiters, and busboys) who are current and former employees of Milos since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

12. The FLSA Collective consists of approximately sixty employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, wilfully denying them minimum wage, tips that they earned, overtime, and other wages.

13. The FLSA Collective consists of employees who, during their employment at Milos, fell into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and were required by defendants to participate in a tip-pooling scheme at Milos. 29 U.S.C. § 203(t).

14. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, the following:

   a. depriving its waitstaff of tips that they earned;

   b. improperly taking a "tip credit" for its captains, waiters, and busboys;

   c. failing to pay employees for time worked in excess of 40 hours per week; and

   d. redistributing portions of the tips earned by its service staff to managers, the wine director, hosts, and other individuals who were not entitled to tips under the FLSA and the NYLL.

4

15. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

16. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiffs and the FLSA Collective.

17. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## THE LAW REGARDING "TIPPED EMPLOYEES"

18. The FLSA and the NYLL allow employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages.

19. The FLSA and the NYLL provide that in order to be eligible for this "tip credit," or "tip allowance," employers of tipped employees must allow employees to keep all the tips that they receive.

20. These rules, however, do not allow managers or other individuals who do not have sufficient contact with customers to share in the tips that the "tipped employees" share in.

21. The NYLL and the FLSA do allow employees to participate in a "tip pool," where tipped employees pool all of their tips together and then redistribute them amongst themselves as they choose, so long as the tip pool is voluntary. The tip pool is unlawful, however, where that tip pool is foisted upon the waitstaff by the restaurant and/or where a non-tipped employee participates in the pool.

## THE TIP POOL AT MILOS

22. At any given time, Milos employs approximately 35 captains, waiters, and busboys. Defendants established and imposed an involuntary tip-pooling program upon its waiters, requiring them to share a percentage of their tips with other workers at the restaurant and using money from the pool to pay the salary of non-tipped employees.

23. The tip pool at Milos includes a "point system" that was established by the management of Milos. Under the point system, employees are given a certain number of points based on their position. The typical allocation of points set up by Milos was 11 for managers, 11 for assistant managers, 11 for captains, 9 for waiters, 4.5 for busboys, 4 for bartenders, 11 for hosts, 11 for the wine director, 11 for the fish market host, and 2 for the "kitchen," allegedly for replacing utensils, glassware, and broken plates. The number of points any employee has determines, in turn, what percentage of the tip pool they will receive.

24. At Milos, managers, including General Manager Mario Zeniou, who do not fall within the category of "tipped employees" should not have received *any* share from the tip pool. Nonetheless, the managers, who had the power to hire and fire employees, were unlawfully allocated 11 points from the tip pool. Zeniou's share was deducted from the tip pool even during shifts when he was not working. Defendants thereby were effectively paying the wages of managers, who were non-tipped employees, from the tips of plaintiff and other similarly situated employees.

25. An 11-point deduction was also taken from the tip pool for floor managers, including Sean and Robert Hamilton, even though they are not "tipped employees" and are paid a salary by Milos.

26. The wine director at Milos, Michael Cole, shares in the tip pool even though he is not a "tipped employee" and is paid a salary.

27. The host of the small fish market in Milos is paid 11 points from the tip pool, even though he is not a "tipped employee" and does not provide service to customers.

28. Milos includes in the tip pool a "stocker" whose sole job is to polish silverware and glassware off the floor, and is therefore not a tipped employee.

29. Milos includes in the tip pool a "coffee person" whose sole job is to make coffee and tea in the kitchen area, and who is therefore not a tipped employee.

30. By these and other acts, defendants have taken gratuities belonging to the waiters and unlawfully diverted them to managers and other employees who are not entitled to share in the tip pool at the restaurants.

31. Because defendants established an illegal tip-pooling scheme at Milos, they were not entitled to reduce the minimum wages of plaintiff and the other captains, waiters, and busboys employed at the restaurant by applying the tip credit allowance that is available under the FLSA and the NYLL.

32. Defendants' improper application of the tip credit deprives plaintiff and other similarly situated employees at Milos of their statutory minimum wage under the FLSA and the NYLL.

33. Defendants also failed to pay members of the FLSA Collective the full overtime they were entitled to receive under the FLSA and the NYLL.

7

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Minimum Wage

34. Plaintiff repeats and realleges paragraphs 1 through 33 as if fully set forth herein.

35. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

36. Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

37. Defendants were not eligible to avail itself of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

   a. Defendants were required to but failed to inform plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

   b. Defendants unlawfully redistributed portions of the tips received by plaintiff and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

38. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA. 29 U.S.C. § 206.

39. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

40. As a result of defendants' willful violations of the FLSA, the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### New York Labor Law – Unpaid Minimum Wage

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. At all times relevant herein, plaintiff has been an employee and defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and at all times relevant, employed plaintiff and the FLSA Collective.

43. Defendants were not allowed to avail themselves of the NYLL tipped minimum wage because, *inter alia*, defendants did not permit plaintiff and the FLSA Collective to retain the entirety of their tips.

44. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the NYLL.

45. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the plaintiff and the FLSA Collective minimum hourly wages.

46. As a result of defendants' violations of the NYLL, plaintiff and the members of the FLSA Collective are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### Fair Labor Standards Act – Unpaid Overtime

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendants were required to pay plaintiff and the FLSA Collective no less than one and one-half times the regular rate at which plaintiff was employed for all

hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

49.  Defendants miscalculated and failed to pay members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

50.  Defendants have wilfully violated the FLSA by knowingly and intentionally failing to pay members of the FLSA Collective the correct amount of overtime wages.

51.  Due to defendants' violations of the FLSA, members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### New York Labor Law – Unpaid Overtime

52.  Plaintiff repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

53.  Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and the FLSA Collective time and one half of the regular rate for all hours they worked in excess of forty (40).

54.  Defendants miscalculated and failed to pay members of the FLSA Collective the overtime wages to which they were entitled under the NYLL.

55.  Defendants have wilfully violated the NYLL by knowingly and intentionally failing to pay members of the FLSA Collective the correct amount of overtime wages.

56.  Due to defendants' willful violations of the NYLL, members of the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM
### New York Labor Law - Unlawful Deductions

57.  Plaintiff repeats and realleges paragraphs 1 through 56 as if fully set forth herein.

58.  New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

59.  New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

60.  Defendants unlawfully redistributed tips from their captains, waiters, and busboys to non-tipped employees, including management staff.

61.  Defendants' knowing and intentional demand and retention of a portion of the waiters' tips were willful violations of the NYLL and supporting Department of Labor Regulations.

62.  As a result of defendants' willful violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover from defendant their unpaid wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

  a. to authorize the issuance of notice at the earliest possible time to all defendants' employees who were employed during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

  b. to declare that defendants have violated the tip pool provisions of the FLSA and the NYLL;

  c. to declare that defendants have violated the overtime provisions of the FLSA and the NYLL;

  d. to declare that defendants have violated the unlawful deductions provisions of the NYLL;

  e. to declare that defendants' violations of the FLSA were willful;

  f. to disgorge from defendants and order that the defendants remit back the amount of the tip credit deducted from the wages of plaintiffs and the FLSA Collective;

  g. to award plaintiff and the FLSA Collective damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the plaintiff and the FLSA Collective for the hours they worked;

  h. to award plaintiff and the FLSA Collective damages for unpaid wages and tips which were unlawfully diverted to non-waitstaff;

  i. to award plaintiff and the FLSA Collective damages for unpaid overtime wages;

  j. to award plaintiff and the FLSA Collective damages for all unauthorized deductions under the NYLL;

k.  to award plaintiff and the FLSA Collective liquidated damages under the FLSA and the NYLL;

l.  if liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

m.  to award plaintiff and the FLSA Collective reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

n.  to award monetary and punitive damages against defendants.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
       August 5, 2008

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman (LP-6395)
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiffs*