UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
: 08 Civ. 06666 (LBS) (KNF)
:
: **AFFIDAVIT IN SUPPORT OF**
IN RE MILOS LITIGATION         : **MOTION FOR COLLECTIVE**
: **AND CLASS CERTIFICATION**
:
: **ECF Case**
:
-----------------------------------------------------------x

| | |
|---|---|
| STATE OF NEW YORK ) | |
| ) ss: | |
| COUNTY OF NEW YORK ) | |

ROULY CHARALABIDIS, being duly sworn, deposes and, upon personal knowledge, says:

1. I am a plaintiff in the above-captioned matter. I reside at 75-15 Ditmars Boulevard, East Elmhurst, New York, 11370. This affidavit is submitted in support of plaintiffs' motion to certify a collective action and class action for current and former captains, waiters, bartenders, and busboys at Milos, Inc., d/b/a Estiatorio Milos, located at 125 West 55th Street, New York, New York, 10019 ("Milos").

2. I was employed as a captain at Milos from 2003 to 2008.

3. Milos pays its captains, waiters, bartenders, and busboys less than minimum wage, taking a "tip credit" from their wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Additionally, Milos has imposed a tip pooling system at the restaurant, whereby the captains, waiters, bartenders, and busboys combine their tips into one "pool," which management then splits according to a point system. This system, because of the way it was set up and is maintained, violates the FLSA and NYLL and invalidates Milos' right to take a tip credit.

1

4. Myself and my fellow captains, waiters, bartenders, and busboys at Milos who participated in the "tip pool" have all been subjected to the same tip policies (*e.g.*, a tip pool "point system," set up by Milos in which managers improperly participated) and overtime calculation discrepancies (*e.g.*, paying for less than the full number of overtime hours worked) which form the basis of our lawsuit.

5. One of the principal complaints in this lawsuit, which affects all members of the proposed FLSA Collective and Rule 23 Class, concerns the participation of managers and non-service employees in the "tip pool" that is in effect at Milos. A copy of the tip pool sheet for the week ending January 28, 2007, demonstrating the improper participants in the tip pool, is attached hereto as Exhibit A. During this sample week, people who improperly received shares of the tip pool include Mario Zeniou, Michael Coll, Iraklis Kremmida, Abdur Rahim, Yolanda Marques, and "kitchen guy."

6. Mario Zeniou, the General Manager at Milos and listed on this tip sheet as "Floor <Mario>", should have been excluded from participating in the tip pool under the FLSA and NYLL as he is responsible for the management of the restaurant, has the power to hire and fire members of the waitstaff, and provides extremely limited table service for the customers. Nevertheless, Mr. Zeniou and other managers not only participate in the tip pool at Milos, but also receive the greatest amount of points from the tip pool.

7. Likewise, Wine Director Michael Coll received one of the largest shares in the tip pool. Mr. Coll is responsible for purchasing and maintaining Milos' wine stores, as well as hiring and firing sommeliers and bar staff.

8. Iraklis Kremmida is the manager of the fish market in Milos. He provides little to no customer service and is not a tipped employee.

2

9. Abdur Rahim's duties consist solely of polishing silverware and glassware at Milos. He has no customer interaction and is not a tipped employee.

10. Yolanda Marques's duties consist solely of preparing coffee and tea. She has no customer interaction and is not a tipped employee.

11. "Kitchen guy" is not an actual person, but is instead how Milos takes a share of the tips in order to pay for replacement dishes, glassware, and silverware. This is an unlawful misappropriation of tips by the restaurant, as Milos cannot use the waitstaff's tips to cover overhead expenses.

12. The other plaintiffs and I believe that the tips which management took from the waitstaff to supplement the salary of its managers and other unlawful participants in the tip pool (*e.g.*, stockers, polishers, and coffee preparers) was done in violation of the FLSA and NYLL.

13. There are approximately 75 employees who worked as captains, waiters, bartenders, and busboys at Milos since July 28, 2002 and each of these individuals should have the right to make an informed choice as to whether he or she will join the collective action or opt out of the class action. Appropriate notice from the Court will enable employees to make a choice on the basis of a court-sanctioned document as to whether they should join the lawsuit.

14. I am willing to serve as a class representative in this case.

15. I have no known conflicts with any class member.

16. I am available to prosecute this case. I am ready, willing, and able to participate in discovery, including responding to interrogatories and document requests and being deposed.

17. For all of the foregoing reasons, on behalf of myself and my fellow employees, we request that this Court certify this case as a collective action, certify this

case as a class action, approve the proposed combined collective and class action notice, and compel defendants to immediately disclose to plaintiffs the name, last known address, alternative address, telephone number, social security number, position, and period of employment of each former and current captain, waiter, bartender, and busboy who worked at Milos from July 28, 2002 to present.

                                                                                         */s/ Rouly Charalabidis*
                                                                                         ROULY CHARALABIDIS

Sworn to before me this
13th day of March, 2009

_____
NOTARY PUBLIC

LOUIS PECHMAN
Notary Public, State of New York
No. 02PE5079601
Qualified in Nassau County
Commission Expires June 9, 2011

4